LESTER BARWICK, BY NEXT FRIEND, v. FRED BLAUVELT.

Decided March 28, 1924.

**Negligence—Motor Vehicle Accident—Injury to Boy Nine Years Old Riding Bicycle—Measure of Care to be Exercised by Such a Boy to Avoid Contributory Negligence.**

On rule to show cause. Passaic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Aaron L. Simon.*

*Contra, John A. Matthews.*

PER CURIAM.

The plaintiff, Lester Barwick, was nine years of age at the time of the accident, April 13th, 1921. He and three other boys were riding bicycles on River road in the city and county of Passaic, going from the direction of Paterson towards Newark, when, as plaintiff alleges, the automobile of defendant came along at a fast rate of speed, without warning, and struck the plaintiff's bicycle in the rear throwing him to the ground, with the result that he sustained a fracture of the leg. The plaintiff's testimony was corroborated. The defendant testified that he was going from fifteen to eighteen miles and hour, and passed down the road on the right-hand side, and the boys came up on the opposite side; two of them passed and the third one crossed the defendant.

On the question of contributory negligence the court charged as follows:

"On the question of contributory negligence I will state to you: This boy of nine years of age, according to the testimony at the time of the accident, and, of course, he would

be chargeable with exercising such reasonable or ordinary care as should be exercised by a boy of his age and mentality. You have seen the boy on the stand, and, of course, you are the judges of what degree of care that boy should have exercised at the time. If the boy did not exercise reasonable or ordinary care, consistent with his age and mentality at that time, and his failure to do so in any way contributed to the injury, then that bars the suit, and the verdict must be for the defendant."

The verdict was for the defendant, and we are asked to vacate it upon two grounds—(1) that it is against the weight of the evidence, and (2) that the charge of the court was erroneous. We observe nothing of substance in the first contention, since the testimony was contradictory, thus creating an issue of fact for the jury to determine. The quality and character of the testimony was for the jury to determine in view of the attitude and demeanor of the witnesses. The number of witnesses who testify to a given fact is not the determinative test as to weight of testimony, although it is not certain that even the quantum of the evidence was against the defendant. *Bowell* v. *Public Service Railroad Co.*, 77 *N. J. L.* 231.

Nor can we say that the charge of the learned trial judge was in any respect erroneous, and least of all in the respect adverted to in counsel's brief. The generic rule deducible from all the cases is that an infant of this age is *sui generis*, and must be so treated in any legal application of the rule of negligence and contributory negligence. This the court manifestly did in alluding to him and his presence upon the stand, and the degree of care which the law imposed upon him under the circumstances.

We think the rule should be discharged.